IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

NANCY B. LEE, Ph.D.,

    Plaintiff,

v.                                         No. CIV 98-1385 BB/LFG

JOHN GLUCK, Ph.D., FRANCES SALMAN KOENIG, Ph.D., JOAN CASTILLO, Ph.D., ANN WARREN, Ph.D., ROSE MARY WICKARD, Ph.D., TOM ESQUIVEL, MELBA COYNE, in their capacities as members of the New Mexico Board of Psychologist Examiners, a State agency,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS MATTER** is before the Court on Defendants' *Motion to Dismiss* [doc. #11] Plaintiff's complaint since Defendants have absolute immunity for their disciplinary decisions acting as the New Mexico Board of Psychologist Examiners. Having considered the briefs of counsel, the Court FINDS Defendants' motion is well taken and it will be GRANTED.

## Discussion

### Standard of Review

Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In addressing the motion to dismiss, this Court is required to accept as true all well-pleaded facts alleged in Plaintiff's complaint. *See Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1266 (10th Cir. 1989). The Court does not, however, accept conclusory allegations as true, although a party's intent may be alleged generally. *Phelps*, 886 F.2d at 1269-70; *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989). This Court will dismiss the complaint, or claims contained in the complaint, only if it appears that Plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Phelps*, 886 F.2d at 1266. The Court will consider Defendants' arguments in light of the above standards.

### Plaintiff's Allegations

Plaintiff has been a licensed, practicing psychologist in New Mexico since 1980. Compl. ¶ 16. The New Mexico Board of Psychologist Examiners (the "Board"), of which Defendants were members during the time relevant to the complaint, qualifies as "a board, commission or agency that administers a

profession or occupation licensed pursuant to Chapter 61, NMSA 1978." New Mexico Uniform Licensing Act, NMSA 1978, § 61-9-2; *see also* Professional Psychologist Act, NMSA 1978, §§ 61-9-1 through 61-9-19. Defendants' actions were taken under color of state law. Compl. ¶ 5.

On or about September 16, 1993, Defendants received a complaint against Plaintiff ["1993 Complaint"]. Compl. ¶ 11, The 1993 Complaint was from one of the parties involved in a state court custody evaluation during which Plaintiff had performed as a court-appointed expert. *Id.* ¶ 9. Defendants notified Plaintiff of the 1993 Complaint approximately three months after they had received it. *Id.* ¶ 13. At Defendants' request, Plaintiff provided a detailed response to the complaint. *Id.* ¶ 14.

Plaintiff heard nothing further from Defendants until five months later, when she received a letter from Defendant Warren. The letter notified Plaintiff that if she was willing to waive her rights, the Board would merely issue a letter of reprimand limiting her professional practice in certain areas. After she waived her rights and accepted the licensing limitation, she would learn "the Board's reasons for issuing the reprimand." *Id.* ¶ 18. Plaintiff rejected the Board's offer. Thereafter, the Board issued a formal Notice of Complaint ("NCA") as required

by the Act. NMSA 1978, § 61-1-4. Plaintiff's attorney continued to seek information that might support Defendants' charges. Defendants continued to ignore the requests. Compl. ¶¶ 26-28. As a result of Defendants' actions, Plaintiff curtailed her professional practice and sold the building in which she practiced. *Id.* ¶¶ 29-31. Her attorney eventually discovered that the Board's file contained no record of any investigation, that there was no evidence to support the NCA, and that Plaintiff had never been provided with the exhibits to the 1993 Complaint. *Id.* ¶¶ 32-35.

Plaintiff finally received a formal hearing in March of 1997. A few months later the Board dismissed the NCA, finding insufficient evidence for any of the charges. *Id.* ¶¶ 37-38.

Absolute Immunity

It is the general rule in this Circuit, as elsewhere, that all licensing and regulatory actions by members of a state-created professional standards board are entitled to absolute immunity. *Saavedra v. City of Albuquerque*, 73 F.3d 1525, 1529 (10th Cir. 1996); *Horwitz v. State Bd. of Med. Exam'rs*, 822 F.2d 1508, 1516 (10th Cir. 1987) *Vakas v. Rodriguez*, 728 F.2d 1293, 1296 (10th Cir. 1984); *Verner v. State of Colo.*, 716 F.2d 1352 (10th Cir. 1983). This rule is based upon

the premise that "[t]here exists a strong need to insure that individual Board members perform the functions for the public good without harassment or intimidation. ... [Therefore] [i]t is important to insulate Board members from political influences in meeting their adjudicatory responsibilities in the adversarial setting involving licensure to practice medicine." *Horwitz*, at 1515.

In *Vakas v. Rodriguez*, the plaintiff sued members of the Kansas board of healing arts as a result of disciplinary action initiated by the Board following a complaint against the plaintiff. As in the case at bar, plaintiff filed suit in federal court claiming violation of his constitutional rights and argued that the board had acted beyond its scope of authority and, thus, was not entitled to immunity. 728 F.2d at 1293. The Tenth Circuit rejected plaintiff's contention and held that the immunity afforded such quasi-judicial officers is "absolute" unless there is a "clear absence of all jurisdiction." *Id.* at 1297, quoting *Stump v. Sparkman*, 435 U.S. 349, 357 (1978).

In *Ivancie v. State Bd. of Dental Exam'rs*, 678 F. Supp. 1496 (D. Colo. 1988), the plaintiff, a dentist, sued the Colorado State Board of Dental Examiners and its Board members following the Board's investigation and ultimate dismissal of the charges. The plaintiff claimed that his due process rights had been violated

5

by the Board and its members by, among other things, unreasonable delay in resolving the case, failure to maintain confidentiality, and abuse of process. *Id.* at 1497. In granting the motion to dismiss, Judge Kane said:

> Plaintiffs persist, however, in their contention that the functions exercised by the board here were not of an adjudicatory nature. They claim 'the board failed to make the decisions required of it by statute and Due Process of Law'. This claim masks a fundamental misconception as to the nature and purpose of the immunity doctrine. The argument as proposed is not that the board did not exercise an adjudicatory function, but that in exercising an adjudicatory function, it erred. It is this very sort of litigation based around alleged errors of such a nature the immunities are designed to forestall.

678 F. Supp. at 1498.

Judge Kane's language applies to the present situation. Plaintiff's complaint centers around the Board refusal to take prompt action to clear her name. In this context, absolute immunity is designed to prohibit courts, and especially federal courts, from providing a forum to second guess the decisions of state licensing boards.

**O R D E R**

For the above stated reasons, Defendants' motion is GRANTED, and Plaintiff's complaint is DISMISSED with prejudice.

Dated at Albuquerque this 8th day of March, 1999.

**BRUCE D. BLACK**
**United States District Judge**

**Counsel for Plaintiff:**

Jane Gagne, Vanzi & Gagne, Albuquerque, NM

**Counsel for Defendant:**

Carol J. Ritchie, Felker Ish Ritchie & Geer, Albuquerque, NM